# Exhibit E

Gary S. Guzy (*pro hac vice* forthcoming)
John Mizerak (*pro hac vice* forthcoming)
Shruti Barker (*pro hac vice* forthcoming)
Scott Shelton (*pro hac vice* forthcoming)
Tyler Smith (*pro hac vice* forthcoming)
Eric Chung (*pro hac vice* forthcoming)
Covington & Burling LLP
850 Tenth St. NW
Washington, DC 20001-4956
(202) 662-5978
gguzy@cov.com
jmizerak@cov.com
sbarker@cov.com
sshelton@cov.com
tsmith@cov.com
echung@cov.com

Raymond Scott Berry (0311)
P.O. Box 9491 Salt Lake City, UT 84109
801-556-8515
rsberryslc@gmail.com

*Counsel* For Proposed Intervenors
Grand Staircase Escalante Partners,
Society of Vertebrate
Paleontology, and Conservation Lands
Foundation

Brent V. Manning (Utah State Bar No. 2075)
Michael Harmond (Utah State Bar No. 17230)
MANNING CURTIS BRADSHAW & BEDNAR PLLC
215 South State Street, Suite 350
Salt Lake City, Utah 84111
(801) 363-5678
bmanning@mc2b.com
mharmond@mc2b.com

Jim T. Banks (*pro hac vice* forthcoming)
Adam M. Kushner (*pro hac vice* forthcoming)
William E. Havemann (*pro hac vice* forthcoming)
Michael J. West (*pro hac vice* forthcoming)
Sarah Ruckriegle (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5600
james.banks@hoganlovells.com
adam.kushner@hoganlovells.com
michael.west@hoganlovells.com
will.havemann@hoganlovells.com
sarah.ruckriegle@hoganlovells.com

*Counsel for Proposed Intervenors Utah Diné Bikéyah, Friends of Cedar Mesa, the Society of Vertebrate Paleontology, Archaeology Southwest, Conservation Lands Foundation, Inc., Patagonia Works, The Access Fund, and the National Trust for Historic Preservation in the United States*


**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| ZEBEDIAH GEORGE DALTON; BLUERIBBON COALITION; KYLE KIMMERLE; and SUZETTE RANEA MORRIS. <br><br> *Plaintiffs,* <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; DEB HAALAND, in her official capacity as Secretary of Interior; DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; BUREAU OF LAND MANAGEMENT; THOMAS VILSACK, in his official capacity as Secretary of Agriculture; DEPARTMENT OF AGRICULTURE; RANDY MOORE, in his official capacity as Chief of the Forest Service; and UNITED STATES FOREST SERVICE, <br><br> *Defendants.* | Civil Action No. 4:22-cv-0060-DN <br><br> Judge David Nuffer <br><br><br> **INTERVENOR DEFENDANTS GRAND STAIRCASE ESCALANTE PARTNERS, SOCIETY OF VERTEBRATE PALEONTOLOGY, CONSERVATION LANDS FOUNDATION, UTAH DINÉ BIKÉYAH, FRIENDS OF CEDAR MESA, ARCHAEOLOGY SOUTHWEST, PATAGONIA WORKS, THE ACCESS FUND, AND THE NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES' ANSWER TO PLAINTIFFS' COMPLAINT** |

1

Grand Staircase Escalante Partners, Society of Vertebrate Paleontology, Conservation Lands Foundation, Utah Diné Bikéyah, Friends of Cedar Mesa, Archaeology Southwest, Patagonia Works, The Access Fund, and the National Trust for Historic Preservation in the United States ("Intervenor Defendants"), by and through their undersigned attorneys, hereby respond as follows to the allegations in the Complaint filed in this action by Zebediah George Dalton, BlueRibbon Coalition, Kyle Kimmerle, and Suzette Ranea Morris.

## PRELIMINARY STATEMENT

The following matters are incorporated into responses to each Paragraph of the Complaint:

A.  Except as otherwise expressly stated herein, Intervenor Defendants deny each and every allegation in the Complaint—including any allegations in the preamble, unnumbered Paragraphs, subparagraphs, prayer for relief, titles, headings, subheadings, table of contents, footnotes, tables, graphs, and illustrations of the Complaint. To the extent not expressly denied, all allegations for which Intervenor Defendants deny possessing knowledge or information sufficient to form a belief are denied.

B.  The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and Defendants respectfully refer the Court to the respective materials for their complete contents.

C.      Intervenor Defendants reserve the right to seek to amend and supplement their Answer as may be appropriate or necessary.

## INTRODUCTION

1.      This paragraph represents Plaintiffs' characterization of documents and legal conclusions, and therefore requires no response. To the extent any response is required, Intervenor Defendants admit only that the quoted language appears in the cited material.

2.      This paragraph represents Plaintiffs' characterization of documents and legal conclusions, and therefore requires no response. To the extent any response is required, Intervenor Defendants admit only that the quoted language appears in the cited material.

3.      Intervenor Defendants admit that President Biden designated 1.87 million acres as within the Grand Staircase Escalante National Monument ("GSENM") and 1.36 million acres as within the Bears Ears National Monument. Intervenor Defendants otherwise deny the allegations in this paragraph, including Plaintiffs' characterization of President Biden's Proclamations of GSENM and Bears Ears National Monument, which speak for themselves.

4.      Intervenor Defendants aver that the allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny the allegations in Paragraph 4.

5.      Intervenor Defendants admit that the Antiquities Act, 54 U.S.C. § 320301(b), contains the quoted language. Intervenor Defendants otherwise deny the allegations in Paragraph 5, including Plaintiffs' characterization of the Act, on

3

the grounds that the allegations state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny those allegations.

6–8.   Intervenor Defendants aver that the allegations in Paragraphs 6 to 8 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny the allegations in Paragraphs 6 to 8.

9–10.   Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 9 and 10 and, on that basis, deny those allegations.

11.   Intervenor Defendants aver that the allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny those allegations.

## PARTIES

12–15.   Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 12 to 15.

16–25.   Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 16 to 25 to the extent that they attempt to characterize relevant federal agencies' authority and, on that basis, Intervenor Defendants deny those allegations. Intervenor Defendants admit the remaining allegations in Paragraphs 16 to 25.

## JURISDICTION AND VENUE

26–29. Intervenor Defendants aver that the allegations in Paragraphs 26 to 29 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny those allegations.

## ANSWERING THE FACTUAL ALLEGATIONS

### The Text of the Antiquities Act

30–34. Intervenor Defendants state that the Antiquities Act speaks for itself and otherwise deny the allegations in Paragraphs 30 to 34 on that basis.

### The Origins of the Antiquities Act

35. Intervenor Defendants admit that the *Massachusetts Lobstermen's* case contains the quoted language. Intervenor Defendants aver that the remaining allegations in Paragraph 35 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny those allegations.

36. Intervenor Defendants state that the sources cited in Paragraph 36 speak for themselves and otherwise deny the allegations in this paragraph on that basis.

37. Intervenor Defendants aver that the allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny those allegations.

38. Intervenor Defendants aver that the sources cited in Paragraph 38 speak for themselves. Intervenor Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, on that basis, deny those allegations.

39. Intervenor Defendants aver that the *Utah Association of Counties v. Bush* decision speaks for itself. Intervenor Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, deny those allegations.

40. Intervenor Defendants admit that the House Report cited in Paragraph 40 contains the quoted language. Intervenor Defendants aver that the allegations in Paragraph 40 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny those allegations.

41. Intervenor Defendants state that the language quoted in footnotes 1 and 2 speaks for itself. Intervenor Defendants deny the remaining allegations in Paragraph 41 and affiliated footnotes.

42. Intervenor Defendants admit that the quoted language in Paragraph 42 appears in its respective sources and state that those sources speak for themselves and that no response is required. Intervenor Defendants otherwise deny the allegations in this paragraph.

43. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and deny those allegations on that basis.

44. Intervenor Defendants admit that Dr. Edgar Lee Hewett drafted the bill that was introduced in Congress and was ultimately passed as the final version of the Antiquities Act and state that the source cited in Paragraph 44 speaks for itself. Intervenor Defendants deny the remaining allegations in Paragraph 44.

45–46. Intervenor Defendants admit that the quoted language in Paragraphs 45 and 46 appears in its respective sources. Intervenor Defendants otherwise aver that the remaining allegations in Paragraphs 45 and 46 state legal conclusions to which no response is required and deny those allegations on that basis.

**The History of the Grand Staircase-Escalante and Bears Ears Monuments**

47. Intervenor Defendants aver that the allegations in the quoted language in Paragraph 47 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants admit that the quoted language in Paragraph 47 is an accurate reflection of its sources but otherwise deny the allegations in this paragraph.

48. Intervenor Defendants state that the allegations in the first sentence of Paragraph 48 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny those allegations. Intervenor Defendants state that the cited sources speak for themselves. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 48 and, on that basis, deny the allegations. Intervenor Defendants deny the remaining allegations in Paragraph 48.

49. Intervenor Defendants state that the Proclamations establishing GSENM and the Bears Ears National Monument speak for themselves and that the *Massachusetts Lobstermen's* decision contains the quoted language. Intervenor Defendants deny the remaining allegations in Paragraph 49.

### The Grand Staircase-Escalante National Monument

50. Intervenor Defendants admit only that President Clinton announced the GSENM proclamation while in Arizona and deny the remaining allegations in Paragraph 50.

51–52.  Intervenor Defendants state that the *Utah Association of Counties* case speaks for itself. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 51 and 52 and deny those allegations on that basis.

53. Intervenor Defendants admit that the quoted language accurately reflects its source and state that the *Utah Association of Counties v. Bush* case speaks for itself but otherwise deny the allegations in Paragraph 53.

54. Intervenor Defendants admit that the quoted language in Paragraph 54 is an accurate reflection of its respective sources. Intervenor Defendants aver that the remaining allegations in Paragraph 54 state legal conclusions to which no response is required and deny those allegations on that basis.

55. Intervenor Defendants admit the allegations in the first sentence of Paragraph 55. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 55 and, on that basis, deny those allegations.

8

56. Intervenor Defendants state that the December 2017 proclamation speaks for itself and otherwise deny the allegations in Paragraph 56.

57. Intervenor Defendants admit that the quoted language in Paragraph 57 is an accurate reflection of its source but aver that the remaining allegations in the Paragraph state legal conclusions to which no response is required and deny those allegations on that basis.

58. Intervenor Defendants admit that President Biden issued a proclamation restoring the boundaries of the Grand Staircase-Escalante National Monument in 2021. Intervenor Defendants state that the quoted language speaks for itself and deny the remaining allegations in Paragraph 58.

59. Intervenor Defendants state that the Biden Proclamation speaks for itself and deny the remaining allegations in this paragraph, including that various objects are not "consistent with the text of the Antiquities Act."

60. Intervenor Defendants state that the Biden Proclamation speaks for itself. To the extent a further response is required, Intervenor Defendants deny the remaining allegations in Paragraph 60.

61. Intervenor Defendants state that the Grand Staircase interim guidance speaks for itself and deny the remaining allegations in Paragraph 61.

## The Bears Ears National Monument

62. Intervenor Defendants admit that the quoted language accurately reflects its source and otherwise deny the allegations in Paragraph 62.

64. Intervenor Defendants admit that President Obama issued a proclamation establishing the Bears Ears National Monument on December 28, 2016. Intervenor Defendants deny the remaining allegations in Paragraph 64.

65. Paragraph 65 represents Plaintiffs' characterization of documents and therefore requires no response. To the extent any response is required, Intervenor Defendants admit only that the quoted language appears in the cited material.

66. Intervenor Defendants aver that the allegations in the quoted language in Paragraph 66 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants admit that the quoted language in Paragraph 66 is an accurate reflection of its source but otherwise deny the allegations in Paragraph 66.

67. Intervenor Defendants admit that President Biden issued a proclamation restoring the boundaries of the Bears Ears National Monument in 2021. Intervenor Defendants state that the quoted language speaks for itself and deny the remaining allegations in Paragraph 67.

68. Intervenor Defendants state that the Biden Proclamation speaks for itself and deny the remaining allegations in this paragraph, including that various objects are not "consistent with the Antiquities Act."

69. Intervenor Defendants admit that the Bears Ears National Monument totals 1.36 million acres. Intervenor Defendants state that the quoted language speaks for itself and deny the remaining allegations in Paragraph 69.

70. Intervenor Defendants state that the Bears Ears National Monument interim guidance speaks for itself and deny the remaining allegations in this paragraph.

## The Consequences of the Monuments

71. Intervenor Defendants state that the sources cited in Paragraph 71 speak for themselves and otherwise deny the allegations in Paragraph 71.

72. Intervenor Defendants deny the allegations in Paragraph 72.

73. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiffs have roots in those communities that date to Utah's founding and long before," that "[t]heir families have endured a great deal in settling, developing, and cultivating the lands that are now part of the Monuments," and that "[t]hey have invested their lives in making this part of Utah what it is today." On that basis, Intervenor Defendants deny those allegations. Intervenor Defendants deny the remaining allegations in Paragraph 73.

## The BlueRibbon Coalition

74–79. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 74 to 79 and deny those allegations on that basis.

80. Intervenor Defendants deny the allegations in Paragraph 80.

81. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and deny those allegations on that basis.

82–87. Intervenor Defendants deny the allegations in these paragraphs insofar as they suggest that the Grand Staircase Monument designation caused the consequences listed therein. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and deny those allegations on that basis.

88–89. Intervenor Defendants admit that the quoted language in Paragraphs 88 and 89 is an accurate reflection of its source but deny the allegations in those paragraphs insofar as they suggest that the Bears Ears National Monument designation caused the consequences listed therein. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and deny those allegations on that basis.

90. Intervenor Defendants deny the allegations in Paragraph 90.

91. Intervenor Defendants admit that President Trump reduced the size of both monuments in 2017 and deny the remaining allegations in Paragraph 91.

92. Intervenor Defendants admit that President Biden issued proclamations regarding GSENM and Bears Ears National Monument and state that the proclamations speak for themselves. Intervenor Defendants deny the remaining allegations in Paragraph 92.

93. Intervenor Defendants state that the monument proclamations and interim guidance speak for themselves. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and deny those allegations on that basis.

94. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and deny those allegations on that basis.

95. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "day-to-day life is already changing for BlueRibbon and its members" as a result of President Biden's proclamations and deny those allegations on that basis. Intervenor Defendants deny the remaining allegations in Paragraph 95.

96–104. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 96 to 104 and deny those allegations on that basis.

105–106. Intervenor Defendants aver that the allegations in Paragraphs 105 to 106 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 105 and 106 and deny those allegations on that basis.

107. Intervenor Defendants deny the allegations in Paragraph 107.

## Kyle Kimmerle

108–126. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 108 to 126 and deny those allegations on that basis.

### Zeb Dalton

127–141. Intervenor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 127 to 141 and deny those allegations on that basis.

### Suzette Morris

142–150. Intervenor Defendants state that President Biden's and President Obama's proclamations of Bears Ears as a national monument speak for themselves. Intervenor Defendants otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 142 to 150 and deny those allegations on that basis.

### CLAIM FOR RELIEF

151. Intervenor Defendants incorporate and reallege each and every response contained in the foregoing paragraphs of this Answer, as though fully set forth herein.

152–158. Intervenor Defendants aver that the allegations in Paragraphs 152 to 158 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny the allegations in Paragraphs 152 to 158.

159. Intervenor Defendants deny the allegations in Paragraph 159.

160. Intervenor Defendants aver that the allegations in Paragraph 160 state legal conclusions to which no response is required. To the extent that a response is required, Intervenor Defendants deny those allegations.

## PRAYER FOR RELIEF

Intervenor Defendants deny that Plaintiffs are entitled to relief.

## AFFIRMATIVE DEFENSES

Intervenor Defendants raise the following affirmative defenses to the Complaint. By designating the following defenses as affirmative defenses, Intervenor Defendants do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any such defense. Intervenor Defendants also give notice that they intend to rely upon such other and further affirmative defenses of which they become aware during discovery in this action and reserve the right to amend their Answer to assert any such defenses.

**FIRST**.  The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead a cognizable injury.

**SECOND**.  This Court lacks subject matter jurisdiction over the claims in the Complaint.

**THIRD**.  Plaintiffs' claims are barred or limited for lack of standing.

**FOURTH**.  Plaintiffs' claims are barred or limited for lack of ripeness.

**FIFTH.**  Plaintiffs' claims are barred by claim and issue preclusion.

## DEFENSES RESERVED

Intervenor Defendants hereby give notice that they reserve the right to rely upon any other applicable defenses set forth in any Answer of any other Defendant in this action, reserve the right to rely upon any other defenses that may become

15

apparent during discovery in this matter, and reserve their right to amend their

Answer and to assert any such defenses.

Dated: November 23, 2022

/s/ Brent V. Manning
Brent V. Manning (Utah State Bar No. 2075)
Michael Harmond (Utah State Bar No. 17230)
MANNING CURTIS BRADSHAW & BEDNAR PLLC
215 South State Street, Suite 350
Salt Lake City, Utah 84111
(801) 363-5678
bmanning@mc2b.com
mharmond@mc2b.com

Jim T. Banks (*pro hac vice* forthcoming)
Adam M. Kushner (*pro hac vice* forthcoming)
William E. Havemann (*pro hac vice* forthcoming)
Michael J. West (*pro hac vice* forthcoming)
Sarah Ruckriegle (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5600
james.banks@hoganlovells.com
adam.kushner@hoganlovells.com
michael.west@hoganlovells.com
will.havemann@hoganlovells.com
sarah.ruckriegle@hoganlovells.com

*Counsel for Proposed Intervenors Utah Diné Bikéyah, Friends of Cedar Mesa, the Society of Vertebrate Paleontology, Archaeology Southwest, Conservation*

Respectfully submitted,

/s/ R. Scott Berry
Raymond Scott Berry (0311)
P.O. Box 9491 Salt Lake City, UT 84109
801-556-8515
rsberryslc@gmail.com

Gary S. Guzy (*pro hac vice* forthcoming)
John Mizerak ((*pro hac vice* forthcoming)
Shruti Barker (*pro hac vice* forthcoming)
Scott Shelton (*pro hac vice* forthcoming)
Tyler Smith (*pro hac vice* forthcoming)
Eric Chung (*pro hac vice* forthcoming)
Covington & Burling LLP
850 Tenth St. NW
Washington, DC 20001-4956
(202) 662-5978
gguzy@cov.com
jmizerak@cov.com
sbarker@cov.com
sshelton@cov.com
tsmith@cov.com
echung@cov.com

*Counsel for Proposed Intervenors Grand Staircase Escalante Partners, Society of Vertebrate Paleontology, and Conservation Lands Foundation*

16

*Lands Foundation, Inc., Patagonia Works, The Access Fund, and the National Trust for Historic Preservation in the United States*

17